## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PEDRO O. RAMOS,** | **: CIVIL ACTION** |
| **Plaintiff,** | **:** |
| | **: No.  21-1045** |
| **v.** | **:** |
| | **:** |
| | **:** |
| **LEHIGH AND NORTHAMPTON** | **:** |
| **TRANSPORTATION AUTHORITY,** | **:** |
| **Defendants.** | **: JURY TRIAL DEMANDED** |

## COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Pedro O. Ramos (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant Lehigh and Northampton Transportation Authority (hereinafter "LANTA"), who has been harmed by disability discrimination as well as other improper conduct by LANTA and its agents, servants, and representatives.

This action is brought under the Americans with Disabilities Act (ADA)[1].

## II. JURISDICTION AND VENUE

1.     The original jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based on the Americans with Disabilities Act, 42 U.S.C. §12102, *et seq.* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*.

2.     Venue is proper in the Eastern District of Pennsylvania as some or all of the

---

[1] Plaintiff has also filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission, and will be seeking to amend this Complaint once those claims have become ripe in June 2021.

1

events complained of herein occurred in Northampton and Lehigh Counties, Pennsylvania.

3.     All conditions precedent to the institution of this suit have been fulfilled.  As to the Federal ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required.  On June 4, 2020, Plaintiff filed a Charge of Discrimination with the EEOC against LANTA, alleging, *inter alia* age and disability-based employment discrimination.  On December 14, 2020, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission.

4.     This action has been filed within ninety (90) days of receipt of said Notice.

## III.  PARTIES

5.     Plaintiff, Pedro O. Ramos, is an adult male citizen, age 59,  and a citizen and resident of the Commonwealth of Pennsylvania.

6.     LANTA is a transit agency that provides public, fixed-route bus service throughout Lehigh  County and Northampton  County,  in Pennsylvania, United  States. The primary area that LANTA serves is the Lehigh Valley region of Pennsylvania, serving the cities of Allentown, Bethlehem, and Easton.

7.     It is a bi-county, municipal Authority operating all public transit services in the two counties.

8.     At all times material hereto, Jason Polster-Abel has been a resident and citizen of  the  Commonwealth  of  Pennsylvania,  and  has  been  employed  by  Defendant  LANTA  as Employee and Workplace Resources Manager.  At all times relevant hereto, Polster-Abel  was an agent, servant, workman and/or employee of LANTA, acting and/or failing to act within the scope, course,  and  authority  of  his  employment  and  his  employer,  LANTA.   At  all  times  relevant,

2

Polster-Abel  was acting in his supervisory and/or personal capacity.

9.     At all times material hereto, Owen O'Neil has been a resident and citizen of the Commonwealth of Pennsylvania, and has been employed by Defendant LANTA as Executive Director.  At all times relevant hereto, O'Neil was an agent, servant, workman and/or employee of LANTA, acting and/or failing to act within the scope, course, and authority of his employment and his employer, LANTA.  At all times relevant, O'Neil was acting in his supervisory and/or personal capacity.

10.      At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, the FMLA and the Pennsylvania Human Relations Act (PHRA), and is protected by the provisions of the Acts.

11.     At all times relevant herein, LANTA was an "employer" as defined by the ADA, FMLA and the PHRA, and is subject to the provisions of the Acts.

12.     At all times relevant hereto, LANTA acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

13.     At all times material hereto, LANTA employed more than fifteen employees.

14.     At all times material hereto, LANTA employed more than fifty employees within a seventy-five mile radius of Plaintiff's work site.

## IV.  CAUSES OF ACTION

15. Plaintiff is a qualified person with a disability who is protected from disability-based discrimination and retaliation under the ADA and PHRA.

16. In addition, as set forth below, Plaintiff requested and utilized FMLA leave

to obtain treatment in order to alleviate the signs and symptoms of his serious medical condition in order be able to return to work, and was entitled to, requested and utilized medical leave as a reasonable accommodation under the ADA and PHRA.

17. Plaintiff, was hired by Defendant, LANTA on or around <date of hire> as a Utility Person.  At all relevant times hereto, Plaintiff performed his work and job duties in a proper and competent manner.

18. Plaintiff's supervisor, for purposes of this Charge, was Jason Polster-Abel (Employee and Workplace Resources Manager) and Owen O'Neil (Executive Director).

19. Plaintiff was able to perform all of the essential functions of his position with or without accommodation

20. n or around August 2019, Plaintiff was diagnosed with a serious medical condition that is a disability as that term is defined by the ADA, as amended by the ADAAA, because it substantially limited him in one or more major life activities, including sleeping, eating, thinking, providing self-care, following instructions, processing verbal information, interacting with others, and regulating emotions and thoughts.

21. On August 16, 2019, Plaintiff suffered an extreme manifestation of his mental health condition, and went out on Short-Term Disability and FMLA leave.

22. On or about January 16, 2020, Polster-Abel informed Plaintiff that his leave was retroactively denied as of November 18, 2019 and demanded that Plaintiff return to work by February 3, 2020, or his employment would be terminated.

23. Plaintiff consulted with his treating physician and requested reasonable accommodations from Polster-Abel in the form of a temporary change his schedule to dayshift and  the ability to to take a 10 break every hour.

4

24. Plaintiff presented a report from his treating physician to support this request.

25. Polster-Abel denied both, and in the case of the temporary change to day shift, asserted that this was barred by the Collective Bargainin Agreement.

26. This was a false and pretextual statement, as LANTA maintains a program for returning employees whereby they can be accommodated in other positions until they are able to perform all of the essential functions of their positions.

27. Plaintiff was entitled to participate in this program as a reasonable accommodation as a matter of law under *Young v. UPS*.

28. Plaintiff also asked about and was denied a "training week," another LANTA program for returning employees.

29. Polster-Abel further stated, in violation of the ADA, that Plaintiff would need to be released "without restrictions," foreclosing any further discussion of reasonable accommodation and terminating the interactive process.

30. On January 29, 2020, Polster-Abel informed Plaintiff that he would be required to undergo a medical examination for A DOT CDL license.

31. DOT regulations do not require government employees to qualify for a CDL.

32. On February 3, 2020, Plaintiff informed Polster-Abel that he could not pass a DOT physical examination solely because of a medication taken to alleviate the signs and symptoms of his disabling condition, but would be consulting with his physician to determine whether he could be cleared nonetheless under DOT regulations, or whether he could be prescribed another medication.

33. Polster-Abel gave him until Thursday, February 6, 2020.

34. Plaintiff consulted with his physician, and the medication was changed to one

that would allow Plaintiff to pass a DOT physical.

35.   Polster-Abel received notification of this on or about February 4, 2020.

36. However, Polster-Abel refused to accept this certification because he wanted it on a different form, one not required by DOT regulations or LANTA's workplace rules.

37.   Polster-Abel informed Plaintiff of this on Wednesday, February 5, 2020.

38. Plaintiff told Polster-Abel that he would have the form completed as soon as he could see his doctor again.

39.  On that same day, Plaintiff advised Polster-Abel by e-mail that he would not be able to see his doctor until the morning of Monday, February 10, but would arrive at work that day with the DOT medical certificate.

40.   In the evening of Thursday, February 6, Plaintiff was informed by his Union Representative that he was required to meet with Polster-Abel on Friday, February 7, 2020.

41.   When he arrived, Polster-Abel demanded the completed form, despite already knowing that the form could not be completed until Monday, February 10.

42. Both Plaintiff and his Unions Representatives reminded Polster-Abel that Plaintiff's doctor was not in her office until Monday, February 10, and that Plaintiff had an appointment before his normal working hours for Defendant, LANTA, and would present the DOT clearance at that time.

43. Polster-Abel immediately terminated Plaintiff's employment, presenting him with a pre-prepared letter of termination signed by Owen O'Neil.

44. Plaintiff has suffered severe emotional distress, loss of back pay, front pay, and compensatory damages, as well as incurred attorney's fees and costs.

45.     LANTA was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

46.     As a direct result of the actions of LANTA's supervisory employees, Plaintiff was deprived of his employment with LANTA.

47.     As a direct result of LANTA's conduct, Plaintiff has been irrevocably damaged.

48.     As a direct result of LANTA 's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

49.     As a direct result of LANTA's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and he has suffered a loss of earnings and earning capacity.

**COUNT I**
**PLAINTIFF v. LANTA**
**VIOLATION OF THE ADA**

50. Paragraphs 1 through 49 inclusive, are incorporated by reference as if fully set forth at length herein.

51. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to denying of a reasonable accommodation for his disabling condition, failing to engage in an interactive process with regard to a reasonable accommodation, and terminating his employment because of his disability and to avoid its obligation to provide a reasonable accommodation.

52. As a direct result of Defendants' willful and unlawful actions in aiding and

7

abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## COUNT  II
## PLAINTIFF v. LANTA
## VIOLATION OF THE ADA - RETALIATION

53.    Paragraphs 1 through 52 inclusive, are incorporated by reference as if fully set forth at length herein.

54. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to terminating his employment in retaliation for making requests for reasonable accommodation and for utilizing leave as a reasonable accommodation.

55. As a direct result of Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## COUNT  III
## PLAINTIFF v. LANTA
## VIOLATION OF THE FMLA – RETALIATION/DISCRIMINATION

56. Paragraphs 1 through 55 inclusive, are incorporated by reference as if fully set forth at length herein.

57. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to terminating his employment in retaliation for making requests for and for utilizing protected FMLA leave.

58.  As a direct result of Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT  IV**
**PLAINTIFF v. ALL DEFENDANTS**
**VIOLATION OF THE PHRA**

59. Paragraphs 1 through 58 inclusive, are incorporated by reference as if fully set forth at length herein.

60. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to

  a.  denying of a reasonable accommodation for his disabling condition, failing to engage in an interactive process with regard to a reasonable accommodation, and terminating his employment because of his disability and to avoid its obligation to provide a reasonable accommodation; and

  b.   terminating his employment in retaliation for making requests for reasonable accommodation and for use of leave as a reasonable accommodation.

61.  As alleged above, Defendants Polster-Abel and O'Neil aided and abetted the discriminatory and retaliatory actions of LANTA.

62.  As a direct result of Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained,

severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## V.  **PRAYER FOR RELIEF**

63. Paragraphs 1 through 62 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over his claims;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from LANTA ' discriminatory and unlawful conduct;

d. Reinstate Plaintiff to his former position together with back pay and compensatory damages;

e. Award punitive and/or liquidated damages as may be permitted under law;

f. Award Plaintiff attorneys' fees and costs; and

g.  Grant such other relief, as the Court deems just and equitable.

## VI.  <u>JURY DEMAND</u>

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By:/s/ _David L. Deratzian_
DAVID L. DERATZIAN, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff

Date: <u>March 4, 2021</u>

11